IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No.: PWG-14-474 |
| MORRIS THWEATT, | * | |
| Petitioner. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On August 11, 2015, Petitioner Morris Thweatt pled guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Plea Agreement, ECF No. 30. On October 23, 2015, I sentenced Thweatt to 80 months imprisonment and 3 years of supervised release. Judgment, ECF No. 40. With an offense level of 26 and criminal history category III, his guideline range was 78-97 months. Amended Presentence Investigation Report ("PSR") ¶ 100, ECF No. 39. Thweatt has now filed a *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2), Pet'r's Mot. Reduce, ECF No. 42, and a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), Pet'r's Mot. Compassionate Release, ECF No. 44, both of which the Government has opposed, Resp't's Opp'n Mot. Reduce, ECF No. 48; Resp't's Opp'n Mot. Compassionate Release, ECF No. 47. Petitioner also filed a Reply in further support of his Motions. Pet'r's Reply, ECF No. 52. No hearing is necessary. Loc. R. 105.6 (D. Md.). Having reviewed the Parties' submissions, I will deny Mr. Thweatt's Motions because he is

ineligible for a reduction based on Amendment 782 to the U.S. Sentencing Guidelines and because I lack jurisdiction consider his request for compassionate release.

In his Motion to Reduce, Petitioner asks the Court to reduce his sentence under Federal Rule of Criminal Procedure 35.  Pet'r's Mot. Reduce 1.  Rule 35 provides for correcting or reducing a sentence only if the court is (1) within 14 days of sentencing, correcting clear error, or (2) the government has moved for a reduced sentence in light of substantial assistance in investigating or prosecuting another person.  Fed. R. Crim. P. 35.  Neither of those subsections is applicable to Petitioner.

Petitioner has been incarcerated since July 25, 2014 and has served approximately 36 months of his 80 month sentence.  Petitioner's Motion to Reduce will be treated as a motion implicating Amendment 782[1] because Petitioner appears to be requesting a two-level guidelines reduction, and he refers to the date that Amendment 782 became retroactive.  Pet'r's Mot. Reduce 1. "The scope of a court's ability to modify a sentence is necessarily limited, in order to promote the finality of criminal judgments and sentences." *Rabb v. Wilson*, No. 1:13CV999 TSE/TRJ, 2015 WL 731475, at *7 (E.D. Va. Feb. 19, 2015) (citing *United States v. Fields*, 442 F.ed 401, 405 (4th Cir. 2009)).  "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.' § 3582(c)(2)." *Dillon v. United States*, 560 U.S. 817, 819 (2010).  While district courts can modify the sentences of defendants who have been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission, they do not have the jurisdiction to grant a motion for reconsideration pertaining to a previously imposed sentence.  *United States v. Goodwyn*, 596 F.3d 233, 235–37

---

[1] This amendment lowered the offense levels for certain drug offenses.  U.S.S.G. Supp. App. C, Amend. 782 (2016).

(4th Cir. 2010). "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range." U.S.S.G. § 1B1.10, Application Notes, n. 1(A). Thweatt was convicted of bank robbery pursuant to 18 U.S.C. § 2113(a) and sentenced under U.S.S.G. § 2B3.1(a). To be eligible for a reduction in sentence pursuant to Amendment 728, a petitioner must have been convicted of a drug offense and have been sentenced under U.S.S.G. § 2D1.1. U.S.S.G. Supp. App. C, Amend. 782. Thus, Thweatt is ineligible for a reduced sentence pursuant to § 3582(c)(2).

Thweatt also moves for compassionate release pursuant to § 3582(c)(1)(A), citing the declining health of his eldest daughter's mother. Pet'r's Mot. Compassionate Release 1. The Court regrets to lean that Defendant's daughter's mother is severely ill and in need of care beyond that which his daughter can provide. However, the Court lacks authority to consider this request because a sentence may only be reduced based on "extraordinary and compelling reasons" if the Director of the Bureau of Prisons makes a motion on the incarcerated individual's behalf. 18 U.S.C. § 3582(c)(1)(A); *Smith v. United States*, Civ. No. RWT-13-1034, Crim. No. RWT-10-761, 2015 WL 2452416, at *3 (D. Md. May 19, 2015). Thweatt does not state that the Director has made such a motion on his behalf, and the Court is not in receipt of any such motion. Accordingly, the Court lacks jurisdiction to consider Thweatt's request.

## **ORDER**

For the foregoing reasons, it is this 24th day of July, 2017, hereby ORDERED that:

1. Petitioner's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), ECF No. 42, is DENIED;

    Petitioner's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 44, is DENIED;

2. The Clerk IS DIRECTED to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-14-474 and to MAIL a copy of it to Petitioner.

/s/
Paul W. Grimm
United States District Judge